UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVAUGHN CASELBERRY,

    Plaintiff,

vs.

Case No. 18-12940
HON. GEORGE CARAM STEEH

TONIE YARBROUGH, et al.,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF IN FORMA PAUPERIS STATUS AND DISMISSING CASE PURSUANT TO 28 U.S.C. § 1915(e)(2)**

    Plaintiff DeVaughn Caselberry, proceeding *pro se*, has filed suit against seven defendants connected to his child custody matter in Wayne County Circuit Court. Based upon the information in the Application to Proceed Without Prepaying Fees or Costs, the court grants plaintiff *in forma pauperis* status pursuant to 28 U.S.C. § 1915. For the reasons that follow, however, the court dismisses plaintiff's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

    "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Therefore, this Court has "an independent obligation to determine whether

- 1 -

subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).  Plaintiff bears the burden of establishing subject-matter jurisdiction.  *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

Plaintiff asserts that the court has jurisdiction over this action pursuant to its diversity jurisdiction, 28 U.S.C. § 1332.  Plaintiff states he is a citizen of Alabama and that each defendant is a citizen of Michigan.  This would satisfy the requirement of complete diversity.  The complaint, however, fails to adequately plead facts upon which the court may rely to conclude that the amount-in-controversy exceeds $75,000.  Plaintiff seeks relief in the form of custody of his children as well as costs and attorney fees pursuant to two Michigan statutes – M.C.L.A. §15.240 relating to freedom of information act requests from public bodies, and M.C.L.A. §15.363 relating to whistleblower actions against public officers.  Construed liberally, as the court is required to do, plaintiff's allegations fall far short of the requisite $75,000 amount-in-controversy necessary to support diversity of citizenship jurisdiction.

Even assuming that the amount-in-controversy requirement is satisfied, diversity jurisdiction does not exist for domestic-relations cases where "the plaintiff seeks to modify or interpret the terms of an existing divorce, alimony, or child-custody decree." *Chevalier v. Estate of Barnhart*,

803 F.3d 789, 795 (6th Cir. 2015). Because plaintiff's complaint seeks modification of a child-custody decree, this action appears to "entail continuing judicial supervision of a volatile family situation, and federal courts are poorly equipped to handle that task." *Id.* at 797.

Plaintiff's complaint fails to provide adequate grounds for subject-matter before this court and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2). Now, therefore,

IT IS HEREBY ORDERED that plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2).

Based on the preceding order, this Court certifies that any appeal from this decision would be frivolous, not in good faith and, therefore, pursuant to 28 U.S.C. § 1915(a)(3), may not be taken *in forma pauperis*.

IT IS SO ORDERED.

Dated: October 4, 2018

                                               s/George Caram Steeh
                                               GEORGE CARAM STEEH
                                               UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 4, 2018, by electronic and/or ordinary mail and also on Devaughn Caselberry, 920 Griffin Avenue, Gadsden, AL 35903.

s/Marcia Beauchemin
Deputy Clerk